[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14973
Non-Argument Calendar

_____

Agency No. A200-117-964

JOSE CRISTIAN ARGUETA-MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 6, 2020)

Before MARTIN, ROSENBAUM and NEWSOM, Circuit Judges.

PER CURIAM:

Jose Argueta-Martinez seeks review of the Board of Immigration Appeals's (BIA) order dismissing his appeal of an Immigration Judge's (IJ) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and for relief under the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Argueta-Martinez argues that he is eligible for asylum, withholding of removal, and CAT relief because his family faces persecution from MS-13 gang members in El Salvador. He also argues that he is entitled to humanitarian asylum.

The IJ held that Argueta-Martinez's claims were time-barred, that his testimony lacked credibility, and that his claims failed on the merits, in any event. The BIA held that under *INS v. Bagamasbad*, it did not need to "need not decide whether [Argueta-Martinez's] asylum application [was] time barred or whether his testimony was credible because [it] discern[ed] no error in the [IJ's] alternative denial of the asylum claim on its merits." BIA Order Dismissing Appeal at 2 (citing *Bagamasbad*, 429 U.S. 24, 25 (1976) (holding that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach")). We agree and affirm.

2

**I**

"[W]e review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision." *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). "We must affirm the decision . . . if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotation marks and citation omitted).

**A**

The Attorney General may grant asylum to an alien who meets the INA's definition of a "refugee," 8 U.S.C. § 1158(b)(1)(A), which is defined as:

> Any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* at § 1101(a)(42)(A).

An applicant must therefore demonstrate that he (1) was persecuted in the past on account of a protected ground or (2) has a "well-founded fear" that he will be persecuted in the future on account of a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(i).

3

To establish eligibility for asylum based on a well-founded fear of future persecution, "an applicant must demonstrate that his . . . fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001). The applicant must "present specific, detailed facts showing a good reason to fear that he . . . will be *singled out* for persecution," *id.* at 1287 (internal quotation marks and citation omitted), and he must demonstrate that he cannot avoid persecution by relocating to another part of his home country, if such relocation would be reasonable, 8 C.F.R. § 208.13(b)(2)(ii).

"The risk of persecution alone does not create a particular social group within the meaning of the INA." *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1198 (11th Cir. 2006). And "[a]n asylum applicant's membership in a family-based particular social group does not necessarily mean that any harm inflicted or threatened by the persecutor is because of, or on account of, the family membership." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 43 (BIA 2017), *aff'd in part and rev'd in part*, *Matter of L-E-A-*, 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019). Additionally, threats or harm to an applicant's family member(s) do not constitute evidence of persecution against the applicant "where there has been no threat or harm directed against" him, specifically. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). Likewise, evidence of private violence or that a person would be a victim of criminal activity "does not constitute evidence of

4

persecution based on a statutorily protected ground." *Id.* at 1310 (quoting *Ruiz*, 440 F.3d at 1258). "[T]he INA does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1328 (11th Cir. 2001) (internal quotation marks and citation omitted).

Here, there is substantial evidence to support the BIA's finding that Argueta-Martinez did not qualify for asylum. Although members of his family have suffered serious harm at the hands of MS-13—allegedly stemming from his sister's tragic murder by gang members—the evidence does not show that his family has been singled out for persecution as a result of this event. Attacks perpetrated on Argueta-Martinez's son and daughter—the crux of his evidence that he will likewise be persecuted by MS-13 were he to return to El Salvador—were typical of MS-13's general acts of violence toward the community at large. These incidents also occurred years after his sister's murder, which attenuates their alleged connection. He has never been personally harmed by MS-13, and numerous members of his family have continued to live in El Salvador without issue. The BIA's finding that Argueta-Martinez does not qualify for asylum is, therefore, supported by the record, as he has not proven that he would reasonably be subject to persecution in El Salvador as a result of his familial affiliation.

**B**

To qualify for withholding of removal under the INA, an applicant must show that, if returned to his country, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  He must also demonstrate that he "would more likely than not be threatened or persecuted" if returned to his country of removal.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004) (internal quotation marks and citations omitted).  If an applicant is unable to meet the standard of proof for asylum, he cannot meet the more stringent standard for withholding of removal.  *Id.*  Because we've held that Argueta-Martinez is ineligible for asylum, he is likewise ineligible for withholding of removal.

**C**

An applicant seeking protection under CAT must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quotation omitted).  He must further show that the torture would be caused or acquiesced to by the government.  *Id.* at 1241.  Argueta-Martinez has not shown that it is more likely than not that he would be tortured if removed to El Salvador, as he has never been directly threatened by MS-13, and many members of his

6

family continue to live in El Salvador without issue.  Additionally, Salvadoran police officers investigated the violence perpetrated against his family, and—as the BIA noted—"generalized evidence of official corruption in the Salvadoran law enforcement community [does not] suffice to prove that a Salvadoran public official would more likely than not consent to, or acquiesce in, [Argueta-Martinez's] future torture by criminals."  Accordingly, we deny his petition as to this issue.

## II

"We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect" to it.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Thus, we lack jurisdiction to hear any argument that was not raised before the BIA.  *Id.*; 8 U.S.C. § 1252(d)(1).  We therefore cannot consider Argueta-Martinez's argument that he is entitled to humanitarian asylum, because he did not administratively exhaust this claim before the BIA.  Accordingly, we deny Argueta-Martinez's petition as to this issue, as well.

**PETITION DENIED.**